Joseph J. Bell, Esq. (No. 016881985)
**BELL & SHIVAS, P.C.**
150 Mineral Springs Drive
P.O. Box 220
Rockaway, New Jersey 07866
Tel. 973-442-7900
Fax 973-442-7990
Attorneys for Plaintiff Teofila Hallowell

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TEOFILA HALLOWELL,**<br><br><div align="right">**Plaintiff,**</div><br><div align="center">v.</div><br>**LOUIS DEJOY, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, in his official capacity; UNITED STATES POSTAL SERVICE ("USPS"); JOHN/JANE DOES #1-10 individually and in their USPS employee business capacities.**<br><div align="right">**Defendants.**</div> | **Civ. No.:**<br><br>**RELATED**:<br><br>**EEO AGENCY CASE NO.:  4B-070-0221-17**<br><br>**EEOC CASE NO:  520-2019-00179X**<br><br>**PLAINTIFF'S COMPLAINT, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff Teofila Hallowell ("Plaintiff"), represented by attorneys located at 150 Mineral Springs Drive, P.O. Box 220, Rockaway, NJ 07866, says by way of Complaint against Defendants, Louis DeJoy, Postmaster General of the United States Postal Service, United States Postal Service ("USPS"), and JOHN/JANE DOES #1-10, as follows:

## PARTIES

1.    Plaintiff Teofila Hallowell ("Plaintiff"), an adult, Hispanic female postal employee was hired in or about 1987 as a federal public employee, by Defendant United States Postal Service

("USPS"), and at all times working in a Mail Processing / Distribution Clerk position at the Paterson Post Office facility located at 194 Ward Street, Paterson, NJ 07510-9998.  Plaintiff worked under the direct supervision of management.

2.      Defendant United States Postal Service ("USPS") is a federal entity that operates the Paterson Post Office located at 194 Ward Street, Paterson, NJ 07510-9998 (the "Paterson Post Office"), where at all relevant times Plaintiff was a federal employee and mail carrier.

3.      Defendant Louis DeJoy ("Defendant DeJoy") is the Postmaster General of the USPS, the federal entity that operates the Bloomfield Post Office.  Defendants Brennan and USPS have a business address located at 1050 Connecticut Avenue NW, Washington, DC 20036-5303. Defendant Brennan is the duly appointed and acting official charged with the administration of laws and implementing regulations, instructions, and directives affecting the USPS and its organizational components in the area of job discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and other applicable anti-discrimination or related laws.[1]

4.      At all relevant times herein, Defendants John / Jane Does # 1-10 are unknown managers, supervisors, and/or coworkers who controlled the terms and conditions of Plaintiff's employment at the Paterson Post Office.

### JURISDICTION

5.      The Court has federal question jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. § 1331.  Plaintiff's causes of action arise primarily under federal law.  The Court also has jurisdiction pursuant to a Notice of Right to Sue issued by the Equal

---

[1] The caption of the final agency appeal decision dated September 29, 2020 listed Megan J. Brennan as the Postmaster General, reflecting her role as the Postmaster General prior to June 15, 2020.  Since Louis DeJoy is the current United States Postmaster General as of the present filing date of this Complaint, Louis DeJoy is listed as the agency or department head.

Employment Opportunity Commission ("EEOC") pursuant to a final agency appeal dated September 29, 2020 and received by Plaintiff on October 5, 2020.

6.      The Court may also exercise supplemental jurisdiction over Plaintiff's State of New Jersey statutory and common law claims pursuant to 28 U.S.C. § 1367(a) because those arise from the same nucleus of operative facts set forth in Plaintiff's Complaint.

### FACTS COMMON TO ALL COUNTS

7.      During all relevant time periods, the United States Post Office at Paterson was operated by a Postmaster.

8.      During all relevant time periods, the Paterson Post Office personnel included management who served as the direct supervisor of Plaintiff.

9.      USPS issued a Joint Statement on Violence and Behavior in the Workplace dated February 14, 1992 (the "Joint Statement"), which sets forth:  "We openly acknowledge that in some places or units there is an unacceptable level of stress in the workplace; that there is no excuse for and will be no tolerance of violence or any threats of violence by anyone at any level of the Postal Service; and that there is no excuse for and will be no tolerance of harassment, intimidation, threats, or bullying by anyone."

10.     The Joint Statement also affirms: "We also affirm that every employee at every level of the Postal Service should be treated at all times with dignity, respect, and fairness."

11.     On March 16, 2017, USPS issued its "Postal Service's Policy on Workplace Harassment" (the "2017 Policy").

12.     The 2017 Policy prohibits: "Harassment is unwelcome verbal or physical conduct, which is so severe or pervasive that it interferes with or changes the conditions of one's employment by creating a hostile, intimidating, or abusive working environment."  Examples may

include, but are not limited to, making offensive or derogatory comments or engaging in physically threatening, intimidating, or humiliating behavior based upon race, color, religion, sex …national origin…or in reprisal for an employee's complaint about or opposition to discrimination or participation in any process or proceeding designed to remedy discrimination. These activities are prohibited by the Postal Service's policy and may amount to harassment in violation of federal anti-discrimination laws. Violation of this policy may result in disciplinary action up to and including termination…."

13.    The 2017 Policy defines sexual harassment: "Sexual harassment is defined as unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature such as, but not limited to: making or threatening to make employment decisions based on an employee's submission to, or rejection of, sexual advances or requests for sexual favors; deliberate or repeated unsolicited remarks with a sexual connotation or physical contact of a sexual nature that is unwelcome to the recipient; or behavior that creates a sustained hostile or abusive work environment so severe or pervasive that it unreasonably interferes with or changes the conditions of one's employment."

14.    The 2017 Policy defines management responsibility as follows: "All managers and supervisors are responsible for preventing harassment and inappropriate behavior that could lead to illegal harassment, and must respond promptly when they learn of any such conduct.    Any manager or supervisor who receives a complaint must see that a prompt and thorough investigation is conducted.    Investigations of all forms of harassment must be done in accordance with the "Initial Management Inquiry Process (IMIP)…."

15.     The 2017 Policy also sets forth the employee's rights and responsibilities, and clearly states, "Employment discrimination or reprisal for engaging in an EEO-protected activity is prohibited."

16.     The U.S. Equal Employment Opportunity Commission states on its website, under "Employer Liability for Harassment", "The Employer is automatically liable for harassment by a supervisor that results in a negative employment action such as termination, failure to promote or hire, and loss of wages."

17.     Plaintiff has endured damages and loss of wages as a result of her experiences with Supervisors as well as ongoing retaliation including subsequent actions which are currently under consideration in 2019 and 2020 claims currently pending before the EEOC.

18.     The U.S. Equal Employment Opportunity Commission also states on its website, "The employer will be liable for harassment by non-supervisory employees or non-employees over whom it has control, if it knew, or should have known about the harassment and failed to take prompt and appropriate corrective action."

19.     During her employment at the Paterson Post Office, Plaintiff was under the direction of several USPS Supervisors.  Plaintiff was indirectly under the supervision of the Postmaster.

20.     Throughout her career, Plaintiff attained a good employment record through over thirty (30) years of service with Defendant USPS.

21.     Beginning in 2017 and continuing through 2018, however, Defendants began a continuous pattern of harassment, discrimination, and intimidation and humiliation tactics, culminating in a pattern of discrimination based on Plaintiff's national origin / race (Hispanic / Peruvian-American), gender (female), and age (Plaintiff was age fifty-six (56) to fifty-seven (57)

at all relevant times).  Plaintiff's coworkers and management were aware of her immutable and protected classifications from interactions with Plaintiff, Plaintiff's records, and Plaintiff's physical appearance.  At all relevant times, Plaintiff was the only white Peruvian Latino employee working at her pay location.  At Plaintiff's pay location, the workforce was predominately African-American, and to Plaintiff's knowledge, no African-American or male employees were subjected to the level of harassment and discrimination directed toward Plaintiff.

22.     On or about August 11, 2017, Supervisors employed by Defendants forced Plaintiff to take sick leave against her will.  Plaintiff was not physically feeling well and was seeking to take a break.  Rather than permitting Plaintiff to take a break, Supervisors verbally attacked Plaintiff.  Plaintiff maintained that it would be unsafe for her not to take a break, where such could jeopardize her health, but where a break involving taking medication could allow Plaintiff to complete her work shift.  Defendants compelled Plaintiff to complete sick leave paperwork.  Other employees, including African-Americans and males, were not compelled to take such action with respect to accumulated sick leave.  Plaintiff also believes that her age was a factor as a Supervisor had told Plaintiff that it was time for her to retire, all of which resulted in the filing of a grievance by Plaintiff.

23.     Beginning on or about August 11, 2017, Plaintiff was subjected to her bathroom and rest breaks being monitored, was not permitted to take her designated breaks with coworkers, and was verbally abused in front of coworkers.  A Supervisor informed Plaintiff that her break times were being changed and that restroom usage would be monitored.  On occasions that included September 16, 2020 and December 2, 2020, on multiple occasions Plaintiff was followed to the restroom by a Supervisor and/or coworker, upon information and belief, with the intent to monitor and/or harass Plaintiff.  On December 2, 2020, a Supervisor or coworker went so far as to

follow Plaintiff and record Plaintiff in the restroom.  Other employees were not subject to this level

of conduct at the Paterson Post Office, and therefore upon information and belief race / national

origin, gender, and age discrimination were factors in Defendants' conduct toward Plaintiff.

24.     On September 16, 2017, Plaintiff was presented with a contract to sign with

expectations of time timeframe in which Plaintiff was tom complete work assignments, her rest

break was changed from 9:00 am to 5:30 am, and she was given instructions to end her tour and

questions about her work performance.  Plaintiff was presented with the proposed contract and

refused to sign the document, believing the contract to be improper and not required in the union

contract.  Supervisors also was instructed to provide a time estimate for the completion of a work

task involving three (3) hampers, which Plaintiff could not provide, and was told to provide an

estimate or go home.  A Supervisor also tried to explain that the contract provisions purporting to

cover restroom usage were helpful, when in reality such provisions were designed to harass and

degrade Plaintiff, as no other employees were being treated in such a manner, while a Supervisor

had asked Plaintiff why she had not retired after thirty (30) years of service.  Therefore, upon

information and belief race / national origin, gender, and age discrimination were factors in

Defendants' conduct toward Plaintiff.

25.     On October 5, 2017, Plaintiff was the only employee given instructions to notify

management when using the restroom.  The Supervisor questioned Plaintiff's need to use the

restroom when claiming that Plaintiff had just been on a break.  Plaintiff told the Supervisor that

there was no need to question her and that she was the only employee subject to such instructions

or be faced with the threat of being charged with Failure to Follow Instructions.  Plaintiff also

stated her belief that such actions by the Supervisor were intended to be abusive and harassing.

Upon information and belief race / national origin and age discrimination were factors in Defendants' conduct toward Plaintiff.

26.     On October 7, 2017, Plaintiff's rest break was altered from 5:30 am to 6:30 am upon notice from a Supervisor, who also informed Plaintiff that her restroom usage and timing were being monitored.  Upon information and belief race / national origin and age discrimination were factors in Defendants' conduct toward Plaintiff.

27.     On October 16, 2017, a coworker of Plaintiff verbally accosted Plaintiff and told her to "shut up."  This occurred while Plaintiff was having a conversation with a Supervisor about a fan in the office.  A coworker of Plaintiff interrupted and yelled at Plaintiff in a hostile and degrading manner, all in full view of the Supervisor.  Management was notified and/or aware, but took no corrective or remedial action in response to this incident.  Plaintiff stated that Section 665 of the ELM was violated and filed a grievance.  Upon information and belief race / national origin was a factor in Defendants' conduct toward Plaintiff as the individuals involved in verbally accosting Plaintiff and/or failing to take corrective action were African-American.

28.     On October 24, 2017, a coworker of Plaintiff took equipment necessary to Plaintiff's performance of her job duties and delayed Plaintiff's operation, all with the knowledge of management.  The Postmaster had given Plaintiff instructions concerning a hamper when a coworker took and moved the hamper, which had been approved for Plaintiff's use.  The coworker then took no further action and failed to use the hamper, merely placing it in such a manner as to obstruct Plaintiff's movement.  Upon information and belief, the coworker took this action in an attempt to instigate a confrontation with Plaintiff as well as delay Plaintiff's work operations.  Management witnessed and/or was notified but took no corrective or remedial action in response to this incident.  Upon information and belief race / national origin, gender, and age discrimination

were factors in Defendants' conduct toward Plaintiff given management having witnessed the incident and failing to take any action.

29.     On November 4, 2017, Plaintiff received a Notice of 14 Day Suspension for Failure to Follow Instructions, issued on October 28, 2017, based upon incorrect information. The occurrences alleged in the Notice were inaccurate and included incorrect dates, one (1) such date being nonexistent, and that Plaintiff was being charged twice for the same allegation. A Supervisor had instructed Plaintiff to scan a cage full of UPS parcels, a task that Plaintiff completed. The Supervisor charged Plaintiff because the demand was for Plaintiff to complete a substantially large workload which could not be accomplished ion the amount of time allotted, and that the Supervisor was not present in order to observe the amount of work Plaintiff had. Plaintiff was also unaware of how much work was added after her tour had concluded for the day, a factor which supported Plaintiff's response to the allegation. Upon information and belief, this Notice was issued upon false and/or erroneous grounds and was intended to be harassing in nature. Upon information and belief race / national origin, gender, and age discrimination were factors in Defendants' conduct toward Plaintiff as she was singled out for such behavior.

30.     On January 18, 2018, Plaintiff was issued a Notice of 14 Day Suspension for Failure to Follow Instruction / Delaying the Mail. This Notice arose out of management conduct toward Plaintiff on January 5, 2018, where Plaintiff was assigned a substantial amount of work with only approximately forty (40) minutes remaining in her daily tour work shift, consisting of finishing one-quarter (1/4) of a pallet, a wire case, and a post con, which could not reasonably be completed in such allotted time. Plaintiff completed work on the pallet by the end of the shift and informed the Supervisor that a scanner was not working. Nevertheless, Plaintiff was charged and issued the Notice. Upon information and belief, this Notice was issued upon false and/or erroneous grounds

and was intended to be harassing in nature.  Upon information and belief race / national origin, gender, and age discrimination were factors in Defendants' conduct toward Plaintiff as Plaintiff was the only employee by corresponding protected classifications to be subjected to such impossibility of task completion and progressive discipline.  Plaintiff also believed that there was a violation of the ELM and filed a grievance.

31.    Beginning on or about February 24, 2018 and continuing thereafter, Plaintiff was assigned more work than her coworkers in similar job positions, titles, and grades.  Plaintiff was always assigned parcels and would not be rotated between parcels and work assignments of flat mail or letter mail.  Under USPS rotation and assignment policies, employees in positions the same as or similar to Plaintiff were to be rotated between such assignments in order to equalize the workload between employees.  A Supervisor of Plaintiff, however, from that point would decline to utilize the rotation policies, always ensuring that Plaintiff would receive the more labor-intensive tasks and thereby also preventing newer employees from gaining necessary experience. Upon information and belief, such work assignments were undertaken in a manner to constitute harassment and/or discrimination against Plaintiff.  Upon information and belief race / national origin, gender, and age discrimination were factors in Defendants' conduct toward Plaintiff as Plaintiff was the only employee singled out for such treatment while other employees outside of her protected classes were not so treated.

32.    On March 6, 2018, Plaintiff was given an instruction by a Supervisor to go to the P.O. Box section.  Plaintiff stated that she would go, but noted that another more junior employee could perform the work and that Plaintiff had not been rotated in assignments for several weeks and that it was her week to be rotated to work on flats and letters.  A conflict then ensued where Plaintiff's Supervisor then pointed a ruler to Plaintiff's face and yelled at her to "get off from my

face" after tensions between the parties had slightly risen. Plaintiff then informed the Supervisor that Plaintiff would be filing a grievance, which upon information and belief the Supervisor took to be a threat. Plaintiff believed that this conduct violated section 665 of the ELM and article 14 of the National Agreement of the USPS. Upon information and belief race / national origin, gender, and age discrimination were factors in Defendants' conduct toward Plaintiff as Plaintiff was the only employee singled out for such treatment while other employees outside of her protected classes were not so treated.

33.     On March 6, 2018, Plaintiff reported to management that a coworker intentionally blocked Plaintiff's path with workplace equipment by pushing a post con into her clear path. After the path subsequently became clear, Plaintiff walked through the path, only for the same coworker to call Plaintiff an "ass," to which she did not respond. Plaintiff informed a Supervisor, who advised that the coworker would be spoken to. The Supervisor made no indication concerning further usage of the same pathway. Plaintiff did not receive any further indication or response. Plaintiff believed that this conduct violated section 665 of the ELM and article 14 of the National Agreement of the USPS. Upon information and belief race / national origin, gender, and age discrimination were factors in Defendants' conduct toward Plaintiff as Plaintiff was the only employee singled out for such treatment by a coworker, and where no remedial action protecting her well-being at work was taken, while other employees outside of her protected classes were not so treated.

34.     On or about March 26, 2018, Plaintiff was issued a 7-Day Suspension. Upon information and belief, this Notice was issued upon false and/or erroneous grounds and was intended to be harassing in nature. Plaintiff had been moving through a specific pathway for a long time prior to March 16, 2018, when she was suddenly instructed not to move with an Amazon

parcel because the pathway was unsafe.  On March 23, 2018, Plaintiff was then instructed not to traverse the path with an empty pallet jack when Plaintiff was doing so.  Plaintiff explained that employees had been traversing the specific path for years with no restrictions.  The Supervisor then took actions to ensure the issuance of the Notice.  Plaintiff believed that this conduct violated article 2 of the National Agreement of the USPS.  Upon information and belief race / national origin, gender, and age discrimination were factors in Defendants' conduct toward Plaintiff as Plaintiff was the only employee singled out for such treatment while other employees outside of her protected classes were not so treated.  Plaintiff also reasonably believed the conflicting nature of the instructions in relation to observed conduct of coworkers to be contradictory, unfair, and designed to inflict physical and emotional harm upon Plaintiff.

35.     On or about April 7, 2018, Plaintiff was issued a 14-Day Suspension for Failure to Follow Instructions based upon a false allegation of mishandling equipment.  Although Plaintiff had accidentally left a scanner in a tub of packages that was sent to the South Paterson Post Office, a Supervisor had inadvertently directed a truck driver to take two (2) hampers and all carrier route tubs with parcels, including the tub that Plaintiff was processing.  Upon information and belief, this Notice was issued upon false and/or erroneous grounds and was intended to be harassing in nature.  The Supervisor then took actions to ensure the issuance of the Notice.  Plaintiff believed that this conduct violated the USPS Zero Tolerance Policy designed to treat employees in a manner without discrimination or harassment.  Upon information and belief race / national origin, gender, and age discrimination were factors in Defendants' conduct toward Plaintiff as Plaintiff was the only employee singled out for such treatment while other employees outside of her protected classes were not so treated.

36.    The actions described herein above constitute a systematic pattern of harassment and discrimination against Plaintiff on the basis of race / national origin, gender, and age, for which Plaintiff has suffered damages.

## FIRST COUNT

### (Unlawful Race / National Origin Discrimination / Disparate Treatment – Title VII of the Civil Rights Act of 1964 and New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.)

37.    Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

38.    Plaintiff has been subjected to gender discrimination by her fellow coworkers and suffered adverse employment consequences on the basis of her race and national origin, Hispanic non-African-American and Peruvian-American, and in retaliation for complaining about the discriminatory conduct of her coworkers.

39.    The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

## SECOND COUNT

**(Unlawful Gender Discrimination - Title VII of the Civil Rights Act of 1964 and New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.)**

40.     Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

41.     Plaintiff has been subjected to gender discrimination by her fellow coworkers and suffered adverse employment consequences on the basis of her gender and in retaliation for complaining about the discriminatory conduct of her co-workers.

42.     The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

### THIRD COUNT

**(Hostile Working Environment- Title VII of the Civil Rights Act of 1964 and New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.)**

43.     Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

44.     Plaintiff has been subjected to a workplace environment that is hostile to female, older, and Hispanic employees.  Despite Plaintiff's reports of such behavior, which occurred in a severe and pervasive manner, no corrective action was ever taken to protect Plaintiff from being so treated by management or coworkers, which caused harassment toward Plaintiff which was harassing, intimidating, and humiliating in nature.

45.     The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

## FOURTH COUNT

**(Unlawful Age Discrimination - Title VII of the Civil Rights Act of 1964 and New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.)**

46.    Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

47.    Plaintiff has been subjected to age discrimination by her fellow coworkers and suffered adverse employment consequences on the basis of her age and in retaliation for complaining about the discriminatory conduct of her co-workers.

48.    The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

## FIFTH COUNT

### (Age Discrimination in Employment Act of 1967)

49.     Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

50.     Plaintiff has been subjected to age discrimination by her fellow coworkers and suffered adverse employment consequences on the basis of her age and in retaliation for complaining about the discriminatory conduct of her co-workers.

51.     The actions described hereinabove, all of which were performed in willful, wanton and reckless disregard of Plaintiff's rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct and willful and wanton disregard for Plaintiff's entitlement to a discriminatory free work environment;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

## SIXTH COUNT

**(Aiding and Abetting Under the Law Against Discrimination - N.J.S.A. 10:5-1 et seq.)**

52.     Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

53.     Defendants, based upon the allegations set forth above, have aided, abetted incited compelled and/or coerced the doing of acts, against Plaintiff, that are forbidden under the Law Against Discrimination, in violation of, among other things, N.J.S.A. 10:5-12(e).

54.     The actions described hereinabove were performed in willful, wanton and reckless disregard of Plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct was in wanton disregard for Plaintiff's entitlement to a workplace free from assault and battery;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

## SEVENTH COUNT

### (Vicarious/Derivative Liability for Unlawful Harassment by USPS Supervisors and Managers-Title VII of the Civil Rights Act of 1964 and Common Law)

55.    Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

56.    Each and every act or omission alleged in this Complaint to have been committed or omitted by an individual, or a discrete group of individuals, was committed or omitted using the authority given to the person alleged to have committed or omitted the act by supervisor(s) and person(s) with management authority vested upon them by virtue of their employment with USPS.

57.    Defendant USPS and employees had a duty to Plaintiff to properly hire, supervise and monitor its employees, to ensure that illegal behavior was not committed, condoned or permitted to continue, either negligently or intentionally.

58.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has and will continue to suffer permanent and irreparable physical, psychological, emotional, and financial injuries, losses and tribulations.

59.    The actions of the individual supervisors employed by Defendants were committed by person(s) who had immediate authority over Plaintiff, and who could alter her work schedule, affect her workday, and who had the power to discipline her.

60.     The disciplinary notices constitute tangible employment actions, as are changes in her work assignment, and work environment.

61.     No immediate steps were taken by USPS to fire any of the individual Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct was in wanton disregard for Plaintiff's entitlement to a workplace free from assault and battery;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

## EIGHTH COUNT

### (Common Law Intentional Infliction of Emotional Distress)

62.     Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

63.     Upon learning through Plaintiff's reports and representations that she was the target of harassing and/or discriminatory conduct, Defendants and supervisors and employees of Defendants, USPS, vicariously, engaged in a concerted campaign to intentionally inflict emotional distress upon Plaintiff.

64.     As a direct and proximate result, Plaintiff has and will continue to suffer permanent and irreparable physical, psychological, emotional and financial injuries, losses and tribulations.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct was in wanton disregard for Plaintiff's entitlement to a workplace free from assault and battery;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

## NINTH COUNT

### (Common Law Negligent Infliction of Emotional Distress)

65.     Plaintiff repeats and incorporates each and every preceding paragraph as if set forth at length herein.

66.     Upon learning through Plaintiff's reports and representations that she was the target of harassing and/or discriminatory conduct, Defendants and supervisors and employees of Defendants, USPS, vicariously, individually and in their official capacities negligently or recklessly inflicted emotional distress upon Plaintiff by permitting such pattern of conduct to continue with respect to Plaintiff and allowed continued harassing and derogatory behavior and

comments directed at Plaintiff. As a direct and proximate result of this negligence, Plaintiff has and will continue to suffer permanent and irreparable physical, psychological and financial injuries, losses and tribulations.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, assessing penalties and sanctions, and awarding her:

(a) Equitable damages, including but not limited to, lost wages, benefits and interest, denied her;

(b) Compensatory damages, including but not limited to, all damages for pain and suffering and other losses resulting from Defendants' unlawful actions;

(c) Prejudgment and post judgment interest;

(d) Punitive damages for Defendants' extreme and outrageous conduct was in wanton disregard for Plaintiff's entitlement to a workplace free from assault and battery;

(e) Costs of suit, including reasonable attorneys' fees;

(f) Statutorily imposed damages;

(g) Any such other relief deemed by the Court to be equitable and just, as provided by law.

Bell & Shivas, P.C.
Attorneys for Plaintiff

/s/ Joseph J. Bell

_____
Joseph J. Bell, Esq.

Dated:  January 4, 2021

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues.

> Bell & Shivas, P.C.
> Attorneys for Plaintiff
>
> /s/ Joseph J. Bell
>
> _____
> Joseph J. Bell, Esq.

Dated:  January 4, 2021

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Joseph J. Bell, Esq. as trial counsel.

> Bell & Shivas, P.C.
> Attorneys for Plaintiff
>
> /s/ Joseph J. Bell
>
> _____
> Joseph J. Bell, Esq.

Dated:  January 4, 2021

## CERTIFICATION

Pursuant to Local Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not currently being litigated before any Court and the matter is not the subject of any alternative dispute resolution proceedings.  The matters arise, however, out of the USPS EEO formal complaint and investigation.  A full investigation was conducted and final agency appeal held in connection with Plaintiff's formal USPS EEO Complaint (Agency Case No. 4B-070-0221-17).  No other matter presently involving the subject matter of this Complaint is presently active in any Court or Agency.  However, Plaintiff does have subsequent EEOC proceedings involving

complaints arising out of conduct in 2019 and 2020 which could become the subject of a Motion to Amend to add to this Complaint depending on the outcome and resolution of said actions. Therefore, to preserve Plaintiff's Complaint, Plaintiff filed a Federal Tort Claims Act Notice and Complaint within the applicable statute of limitations.

Bell & Shivas, P.C.
Attorneys for Plaintiff

/s/ Joseph J. Bell

_____
Joseph J. Bell, Esq.

Dated:  January 4, 2021

## VERIFICATION

I am the Plaintiff in connection with the foregoing Complaint. The allegations contained in said Complaint are true to the best of my information, knowledge and belief.   The said Complaint is made in truth, good faith and without collusion for the causes set forth therein.

I hereby certify and verify that the foregoing statements made by me are true.

I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

January 4, 2021                                Teofila Hallowell